EXHIBIT 1

RECEIVED

NOV 19 PM 2:43

MAYOR'S OFFICE

# KING COUNTY SUPERIOR COURT
## STATE OF WASHINGTON

EULOGIA MORALES-CAYETANO,
A married woman,
        Plaintiff,

      vs.

CITY OF SEATTLE,
a Washington municipal corporation;
JOHN DIAZ and "JANE DOE"
DIAZ, husband and wife, and the
marital community of them comprised;
BRANDON EGGERS and "JANE DOE"
EGGERS, husband and wife and the
marital community of them comprised;
LINDSAY C. BROWN and "JANE DOE"
BROWN, husband and wife and the
marital community of them comprised;
DAVID L. BAUER and "JANE DOE"
BAUER, husband and wife and the
marital community of them comprised.
        Defendants.

Case No.: 13-2-37129-4SEA

SUMMONS

TO THE DEFENDANTS:

    A lawsuit has been started against you in the above entitled court by Eulogia Morales-Cayetano, Plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, if served within of the state of

SUMMONS
Page 1

ARMIJO LAW OFFICE
917 North 2nd Street
Tacoma, WA 98403

Washington, and 60 days after the service of this summons, if served outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what (s)he/they ask(s) for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiffs must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Civil Rules of the State of Washington.

**DATED** this 25th day of October, 2013

ARMIJO LAW OFFICES

Sergio Armijo, WSBA #8663
Attorney for Plaintiff

Address of Plaintiff's Attorney:

917 N. Second Street
Tacoma, WA 98403

PH:   253-627-8777
FAX: 253-627-8200
e-mail: sergio@armijolawoffice.com

SUMMONS
Page 2

ARMIJO LAW OFFICE
917 North 2nd Street
Tacoma, WA  98403

RECEIVED

'13 NOV 19 PM 2: 53

CITY OF SEATTLE
MAYOR'S OFFICE

1

2

3

4

5

6

7                        **KING COUNTY SUPERIOR COURT**
                              **STATE OF WASHINGTON**
8

9    EULOGIA MORALES-CAYETANO                )
     a married woman,                        )  Cause No. *13-2-37129-4 SEA*
10                                           )
                                             )
11              Plaintiff,                   )
           v.                                )  COMPLAINT FOR DAMAGES
12   CITY OF SEATTLE,                        )
     A Washington municipal corporation;     )
13   JOHN DIAZ and "JANE DOE" DIAZ,          )
     husband and wife, and the marital community
14   of them comprised; BRANDON EGGERS
     and "JANE DOE" EGGERS, husband and
15   wife, and the marital community of them
     comprised; LINDSAY C. BROWN and
16   "JOHN DOE" BROWN, husband and wife
     and the marital community of them
17   comprised; DAVID L. BAUER and
     "JANE DOE" BAUER, husband and wife
18   and the marital community of them
     comprised;
19             Defendants.
20

21

22   COMES NOW the plaintiff by and through her attorney of  record,  Sergio Armijo,

23   and complain and alleges as follows:

24

25

26

COMPLAINT FOR DAMAGES                                    ARMIJO LAW OFFICE
                                                         917 North Second Street
                            1 of 14                      Tacoma, Washington 98403
                                                  Ph: (253) 627-8777 Fax: (253) 627-8200

## I.     PARTIES AND JURISDICTION

1.1    Plaintiff   EULOGIA MORALES-CAYETANO was, at all times material,  a resident  of King County, Washington, and  is competent to bring on the present claim.

1.2. Defendant CITY OF SEATTLE is, and at all times mentioned was, a municipal corporation, duly organized under the laws of the State of  Washington, and situated in King County.

1.3. Defendant JOHN DIAZ  at all times relevant was, Chief of the Seattle Police Department. In particular, he was appointed interim Chief in May, 2009, and confirmed as Chief of the Seattle Police in August 2010. He then served as Chief of the Seattle Police continuously until his retirement on April 8, 2013. At all times mentioned, from May, 2009 until April 8, 2013, defendant John Diaz was an employee of  defendant City, was employed as Chief of the City of Seattle's Police Department, and, in engaging in the acts and omissions described below, acted within the course and scope of that employment.

1.4. Defendant BRANDON EGGERS, City of Seattle police officer #7593 , is, and at all times relevant was, a resident of King County, Washington, and a police officer of defendant City of Seattle. In engaging in the acts and omissions described below, Brandon Eggers, acted within the course and scope of his employment.

COMPLAINT FOR DAMAGES

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

1.5 Defendant LINDSAY BROWN, City of Seattle police officer #7536, is, and at all times relevant was, a resident of King County, Washington, and a police officer of defendant City of Seattle. In engaging in the acts and omissions described below, Lindsay Brown acted within the course and scope of her employment.

1.6 Defendant DAVID BAUER, City of Seattle police officer #5096, is, and at all times relevant was, a resident of King County, Washington, and a police officer of defendant City of Seattle. In engaging in the acts and omissions described below, David Bauer acted within the course and scope of his employment.

1.7 At all times relevant, defendant CITY OF SEATTLE was responsible for all acts and omissions of its agents and employees in the instant matter under the doctrine of *respondeat superior.*

1.8. The defendants John Diaz and "Jane Doe" Diaz; Brandon Eggers and "Jane Doe" Eggers; Lindsay C. Brown and "John Doe" Brown; and David Bauer and "Jane Doe" Bauer at all times relevant comprised a marital community.That all acts and omissions of John Diaz, Brandon Eggers, Lindsay C. Brown, and David Bauer, as complained of herein, were performed by them for, and on behalf of , themselves and the marital community of them comprised.

COMPLAINT FOR DAMAGES

3 of 14

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

1.9. All acts of the above identified Defendants giving rise to liability in this Complaint occurred in King County, Washington.

1.10. Plaintiff, through undersigned counsel, filed a  Claim for Damages form issued by the City of Seattle with the City of Seattle  in February, 2013.. Because more than sixty days have passed since this filing, this court has jurisdiction pursuant to RCW 4.92.110.

1.11. Jurisdiction and venue are proper in King County, Washington

## II.   FACTUAL BACKGROUND

2.1 On or about November 4, 2010, at  9:00 p.m. plaintiff Eulogia Morales-Cayetano ("Ms. Morales"), her husband Rufino Ocampo Estrada ("Mr. Ocampo"), their son Emmanuel Ocampo-Estrada ("Emmanuel"), and Ms. Morales' nephew Magdaleno were on the premises of the Viking Bank at 5701 First Avenue, Seattle, King County, Washington.

2.3 At the date and time noted in Paragraph 2.1 above, plaintiff Ms. Morales, Mr. Ocampo, Emmanuel, and Magdaleno were invitees of Viking Bank, in that they had a contract to clean the premises at that date and time.

COMPLAINT FOR DAMAGES

4 of 14

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

2.4 Plaintiff Ms. Morales, Mr. Ocampo,  Emmanuel, and Magdaleno are Hispanic and natives of Mexico.

2.5 Also at or about 9:00 p.m. on November 4, 2010, defendant Brandon Eggers ("Officer Eggers"), was dispatched to the Last Chance Chili Shack (hereinafter "Last Chance"), a tavern across the street from the Viking Bank referenced in Paragraph 2.1 above, referenc  a complaint that two male patrons that had been ordered to leave the tavern for bringing alcohol from outside onto the premises were hovering around the front door and staring the bartender down in a threatening manner.

2.6 Shortly before the dispatch,  Emmanuel and Magdaleno,  having completed their job assignments on the Viking Bank cleaning contract,  entered the Last Chance, and were confronted by the bartender, who accused them of trying to bring beer from outside into the tavern. Emmanuel and Magdaleno, however,  left the Last Chance without incident.

2.6 Emmanuel and Magdaleno, although leaving the premises of the Last Chance , did not leave the vicinity of the Last Chance, since they had been working with plaintiff Ms. Morales and Mr. Ocampo at the  Viking Bank. They stood by the door outside the Last Chance, waiting for Mr. Ocampo to pick them up in his car.

COMPLAINT FOR DAMAGES

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

Mr. Ocampo picked Emanuel and Magdaleno up and brought them back to the parking lot adjacent to the Viking Bank, where they stood with Mr. Ocampo by the family car.. The Last Chance bartender had observed their continued presence, and alarmed, had called the Seattle Police.

2.7 Emmanuel then walked away from the family car to the entrance of the Viking Bank to meet his mother, Ms. Morales, who was walking out of the bank. Plaintiff Ms. Morales, Mr. Ocampo, Emanuel, and Magdaleno were preparing to go home.

2.8 Officer Eggers first contacted the complainant bartender inside the Last Chance, and obtained her description of the situation and her concerns about Emanuel, Magdaleno, and Mr. Ocampo whom she apparently believed were menacing the Last Chance tavern.

2.9 Officer Eggers next contacted the occupants of the family car in the parking lot next to the Viking Bank. At this time Mr. Ocampo was sitting in the driver's seat and Magdaleno was sitting in the back seat.

2.10 At the time that Officer Eggers contacted the occupants of the family car in the parking lot next to the Viking Bank, there were at least three  Seattle police officers in at least two squad cars present at the scene to investigate plaintiffs' activities. Additional officers may have been present at the time or shortly thereafter.

COMPLAINT FOR DAMAGES

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

2.11 Officer Eggers asked Mr. Ocampo for his driver's license and then he conducted a computer check of the drivers license. Officer Eggers was accompanied by defendants David L. Bauer (hereinafter "Officer Bauer")and defendant Lindsay C. Brown ("Officer Brown") in the investigation of the occupants of the family car. The three defendant police officers kept yelling at Mr. Ocampo to keep his hands on the dashboard and Magdaleno to keep his hands on the back of the driver's seat.

2.12 Officer Bauer, according to the incident report, saw Magdaleno remove his hands from the back of the driver's seat too often and ordered him out of the car for investigative detention.

2.13 Both Mr. Ocampo and Magdaleno understand English to only a limited extent, and did not understand the officers' commands. Both were becoming increasingly frightened.

2.14 Immediately after Ms. Morales' nephew was detained, Ms. Morales and Emmanuel exited the bank after routinely setting the alarm as their last work assignment for the evening. Both were shocked and confused by the police presence, obviously focused intensely on Mr. Ocampo and Magdaleno.

COMPLAINT FOR DAMAGES

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

Defendants Officer Brown and Officer Bauer, apparently alarmed by Ms. Morales and Emmanuel leaving the bank well after business hours, on top of the heightened tension in the investigative detention of Mr. Ocampo and Magdaleno, rushed at Ms. Morales and Emmanuel and forcibly pushed them against the wall of the bank.

2.15 Emmanuel, the only one of the group who could speak English, repeatedly demanded to know why the police were there without a response from Officers Brown or Bauer. Officers Brown and Bauer reacted with force  to Emmanuel's verbal demands, and began beating, shoving, and grabbing  him.

2.19 Ms. Morales begged Officers Brown and Bauer to stop beating, shoving, and grabbing Emmanuel in Spanish, and, as a result, the officers began beating, shoving, and grabbing Ms. Morales.

2.20 Mr. Ocampo tried to run to the aid of Ms. Morales and Emmanuel, and, as a result, he was beaten, shoved, and grabbed by Officer Eggers  and accordingly kept in the vicinity of the family car by Officer Eggers.

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

2.21 Mr. Ocampo was booked, jailed, and charged with first degree trespass and misdemeanor assault in Seattle Municipal Court. The charges were subsequently dismissed.

2.22 Ms. Morales and Emmanuel were also booked, jailed, and charged with misdemeanor assault in Seattle Municipal Court. Emmanuel was convicted on a plea of guilty and deported.

2.23 PlaintiffMs. Morales, Mr. Ocampo, and Emmanuel all had to receive medical treatment for their injuries.

2.24 Plaintiff Ms. Morales also suffered severe emotional distress and mental anguish. She was diagnosed with post-traumatic stress disorder and had to receive several months of therapy and psychiatric treatment, including medication.

COMPLAINT FOR DAMAGES

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

## III. FIRST CAUSE OF ACTION: NEGLIGENCE

3.1 Plaintiff adopts and realleges Paragraphs 1.1 through 2.24 of this Complaint as set forth in full here.

3.1  When Officers Brown and Bauer began shoving, grabbing kicking, and beating Ms. Morales, and Emmanuel, they breached their duty to act in a reasonable and prudent manner by their initial offensive touching of plaintiffs Ms. Morales and their subsequent use of excessive force against plaintiffs Ms. Morales.  Defendant police officers' actions  were unreasonable and totally without justification.

3.2 As a direct and proximate result of the tortious conduct of defendants as described above, plaintiff Ms. Morales has  suffered damages as  described below in Section V. (entitled "Damages" ) of this Complaint.

3.3 Defendant John Diaz and defendant City of Seattle had a duty to ensure that defendant police officers Eggers, Brown, and Bauer, had the proper and special training for the duties that said defendant police officers could foreseeably be expected to perform in the course of  their employment with defendant City of Seattle, especially with regard to determination of probable cause to detain and arrest, and especially with regard to the application of the use of force to either control, detain, or arrest other individuals, and in the determination of when it is appropriate to use force to control, detain, or arrest other individuals.

COMPLAINT FOR DAMAGES

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

3.5 Defendant John Diaz and defendant City of Seattle breached the duties referenced in paragraph 3.4 above, and, as a proximate cause of their tortious acts and omissions, plaintiff Ms. Morales has suffered damages as described below in Section V. of this Complaint.

## IV.  SECOND CAUSE OF ACTION: STATUTORY VIOLATION OF CONSTITUTIONAL RIGHTS

4.1 Plaintiffs  adopt and reallege Paragraphs 1.1 through 3.5.

4.2 This cause of action arises under the United States Constitution, particularly under the provisions of the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, and, under federal law, under the Civil Rights Act, Title 42 of the United States Code, Section 1983.

4.3  The conduct of defendants as described above, acting under color of state law, and acting recklessly in a grossly negligent manner, and with deliberate indifference to plaintiff's rights, privileges, and immunities, deprived plaintiffs  of the right to be free from unreasonable searches and seizures, including the use of  excessive force, under the Fourth Amendment of the U.S. Constitution;  and the right not to be deprived of liberty, or property without due process of law and to be accorded the equal protection of the laws under the Fourteenth Amendment of the U.S. Constitution.

COMPLAINT FOR DAMAGES

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

4.4  As a direct and proximate cause of the acts and omissions as described in Paragraphs 1.1 through 5.3 above, plaintiff has been damaged as described in "Section V. Damages" below.

<br>

## V.   DAMAGES

5.1   Plaintiff adopts and realleges paragraphs 1.1 through 4.4.

5.2  As a direct and proximate result of  defendants' actions and omissions as described above, plaintiffs have suffered severe physical and mental injuries, resulting in medical expenses and other out-of-pocket expenses, for which they are entitled to fair and reasonable compensation.

5.3   As a direct and proximate result of defendants' actions and omissions as described above, plaintiffs have suffered loss in income from their respective forms of employment, and are entitled to fair and reasonable compensation.

5.4 As a direct and proximate result of defendants' actions and omissions as described above, plaintiffs have suffered severe physical pain and suffering, and are entitled to fair and reasonable compensation.

COMPLAINT FOR DAMAGES

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

5.5 As a direct and proximate result of defendants' acts and omissions, plaintiffs have suffered mental anguish and emotional distress, and are entitled to fair and reasonable compensation.

5.6 As a direct and proximate result of the violations of plaintiffs' Constitutional and civil rights as pled in Paragraphs 4.1 through 4.4 under Title 42 of the United States Code, Section 1983, plaintiffs are entitled to punitive damages.

WHEREFORE, plaintiff Eulogia Morales-Cayetano prays for judgment againstdefendantsseverally, individually, and as a marital community, as follows:

1. For special damages as detailed in Paragraphs 5.2 and 5.3 above.

2. For general damages as detailed in Paragraphs 5.4 and 5.5 above.

3. For punitive damages as detailed in Paragraph 5.6 above.

4. For reasonable attorneys' fees.

5. For prejudgment interest on all special damages.

6. For costs and disbursements herein.

7. For such other and further relief as the Court deems just and equitable.

COMPLAINT FOR DAMAGES

ARMIJO LAW OFFICE
917 North Second Street
Tacoma, Washington 98403
Ph: (253) 627-8777 Fax: (253) 627-8200

1

2

3

4

Dated this 25th day of October , 2013

5

6
                                        Respectfully submitted,
7
                                        ARMIJO LAW OFFICE

8

9                                       Sergio Armijo, WSBA #8663
                                        Attorney for Plaintiff
10                                      Eulogia Morales-Cayetano

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES                           ARMIJO LAW OFFICE
                                                917 North Second Street
                        14 of 14                Tacoma, Washington 98403
                                          Ph: (253) 627-8777 Fax: (253) 627-8200