The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EULOGIA MORALES-CAYETANO, a married woman, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF SEATTLE, Washington municipal corporation; JOHN DIAZ and "JANE DOE" DIAZ husband and wife, and the marital community of them comprised; BRANDON EGGERS and "JANE DOE" EGGERS, husband and wife, and the marital community of them comprised; LINDSAY C. BROWN and "JOHN DOE" BROWN, husband and wife, and the marital community of them comprised; DAVID L. BAUER and "JANE DOE" BAUER, husband and wife, and the marital community of them comprised; <br><br> Defendants. | No. 13-CV-02187TSZ <br><br> DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES <br><br> **JURY DEMAND** |

COME NOW defendants John Diaz, Brandon Eggers, Lindsay C. Brown, David L. Bauer, and City of Seattle (hereinafter "defendants"), by and through their attorneys of record, Peter S. Holmes, Seattle City Attorney, Christine L. Olson, Assistant City Attorney, and Brian G. Maxey, Assistant City

---

DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE
DEFENSES AND JURY DEMAND
(13-CV-02187TSZ) - 1

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

Attorney, and hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint, and allege as follows:

## I.   PARTIES AND JURISDICTION

1.1   Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

1.2   Defendants admit that Defendant City of Seattle is a municipal corporation, duly organized and existing under the State of Washington.

1.3   Defendants admit that defendant John Diaz at all times relevant was Chief of the Seattle Police Department.  Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

1.4   Defendants admit that defendant Brandon Eggers was a City of Seattle police officer acting within the course and scope of his employment at all times relevant.  Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

1.5   Defendants admit that defendant Lindsay Brown was a City of Seattle police officer acting within the course and scope of his employment at all times relevant.  Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

1.6   Defendants admit that defendant David Bauer was a City of Seattle police officer acting within the course and scope of his employment at all times relevant.  Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

1.7   Defendants deny the allegations of this paragraph.

DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES AND JURY DEMAND
(13-CV-02187TSZ) - 2

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

1.8     Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

1.9     Defendants admit that plaintiff's arrest occurred in King County, Washington, but deny the remaining allegations of this paragraph, including the suggestion that defendants committed acts giving rise to liability.

1.10    Defendants admit the allegations of this paragraph.

1.11    Defendants admit the allegations of this paragraph (but have removed this case to federal court).

## II.     FACTUAL BACKGROUND

2.1     Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.3[1]   Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.4     Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.5     Defendants admit that on or about November 4, 2010, defendant Brandon Eggers was dispatched to the Last Chance Chili Shack, which is near the Viking Bank, in response to a complaint regarding two male patrons. Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

2.6     Defendants admit that shortly before the dispatch, two males entered the Last Chance Chili Shack, and that the bartender reported to police that she spoke with the two men and asked them

---

[1] The Complaint omits section 2.2.

DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES AND JURY DEMAND
(13-CV-02187TSZ) - 3

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

to leave, in part because they had brought beer in with them. Defendants deny that the two men left the bar without incident. Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

2.6[2]   Defendants admit that the two men who had entered the Last Chance Chili Shack left the Shack but remained in the vicinity of the Shack for a period of time. Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

2.7   Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.8   Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.9   Defendants admit that Officer Eggers contacted the occupants of a car which was parked outside the Viking Bank. Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

2.10   Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.11   Defendants admit that Officer Eggers asked the driver of the car for his driver's license and ran a check of the license. Defendants admit that Officers David Bauer and Lindsay Brown were also present for at least part of the incident in question. Defendants admit that at least one officer repeatedly told the man in the back seat of the car to keep his hands on the back of the driver's seat. Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

---

[2] The Complaint lists two paragraphs 2.6

DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE
DEFENSES AND JURY DEMAND
(13-CV-02187TSZ) - 4

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

2.12    Defendants admit that the incident report states that Officer Bauer detained the man in the back seat of the car after the man failed to keep his hands on the back of the driver's seat. Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

2.13    Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.14    Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.15    Defendants deny that Officers Brown and Bauer "reacted with force to Emmanuel's verbal demands, and began beating, shoving, and grabbing him," as set forth in the Complaint. Defendants lack sufficient knowledge to form a belief about the truth of the remaining allegations set forth in this paragraph and therefore deny the same at this time.

2.19[3]    Defendants deny the allegations of this paragraph.

2.20    Defendants deny the allegations of this paragraph.

2.21    Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.22    Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.23    Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

2.24    Defendants lack sufficient knowledge to form a belief about the truth of the allegations set forth in this paragraph and therefore deny the same at this time.

---

[3] The Complaint lists section 2.19 after 2.15.

DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES AND JURY DEMAND (13-CV-02187TSZ) - 5

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

### III. FIRST CAUSE OF ACTION: NEGLIGENCE

3.1     Defendants reallege and incorporate all proceeding paragraphs.

3.1[4]    The allegations in this paragraph state legal conclusions to which no answer is required, and defendants deny the allegations.

3.2     Defendants deny the allegations in this paragraph.

3.3     The allegations in this paragraph state legal conclusions to which no answer is required and defendants deny the allegations.

3.5[5]    The allegations in this paragraph state legal conclusions to which no answer is required, and defendants deny the allegations.

### IV. SECOND CAUSE OF ACTION: STATUTORY VIOLATION OF CONSTITUTIONAL RIGHTS

4.1     Defendants reallege and incorporate all proceeding paragraphs.

4.2     The allegations in this paragraph state legal conclusions to which no answer is required, and defendants deny the allegations.

4.3     The allegations in this paragraph state legal conclusions to which no answer is required, and defendants deny the allegations.

4.4     The allegations in this paragraph state legal conclusions to which no answer is required, and defendants deny the allegations.

### V. DAMAGES

5.1     Defendants reallege and incorporate all proceeding paragraphs.

Defendants deny all of the remaining allegations in section V. and deny that plaintiff is entitled to any damages or relief of any kind.

---

[4] The Complaint lists section 3.1 twice.
[5] The Complaint omits section 3.4.

DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES AND JURY DEMAND
(13-CV-02187TSZ) - 6

**Peter S. Holmes**
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. The City, a municipal corporation, is immune from liability for prejudgment interest on tort judgments and is immune from punitive damages.

3. The defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of Washington or any political subdivision thereof.

4. There was probable cause and/or reasonable suspicion for plaintiff's seizure.

5. Any force used against plaintiff was reasonable.

6. Any damages suffered by plaintiff were caused in whole or in part by her own conduct or fault.

7. Defendants cannot be liable under a negligence theory, in part because they did not owe plaintiff a duty of care. Even if they did, the duties and functions of the defendants entailed the reasonable exercise of proper and lawful discretion.

8. The police officer defendants are entitled to qualified immunity.

## JURY TRIAL DEMAND

Defendants respectfully demand a trial by jury of all issues so triable.

WHEREFORE, defendants respectfully request that the Complaint be dismissed with prejudice, that they be awarded costs and reasonable attorneys' fees herein, and that they be granted such other and further relief as the Court finds just and equitable.

DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES AND JURY DEMAND
(13-CV-02187TSZ) - 7

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200

DATED this 13th day of December, 2013.

                PETER S. HOLMES
                Seattle City Attorney

By:    s/Christine L. Olson
       Assistant City Attorney
       State Bar Number 45416
       Telephone: (206) 684-8251
       E-mail: christine.olson@seattle.gov

By:    s/ Brian G. Maxey
       Assistant City Attorney
       State Bar Number 33279
       Telephone: (206) 733-9001
       E-mail: brian.maxey@seattle.gov

       600 Fourth Avenue, 4th Floor
       PO Box 94769
       Seattle, WA  98124-4769
       Fax: (206) 684-8284

## CERTIFICATE OF FILING/SERVICE

I, Donna M. Robinson, certify that on the 13th day of November, 2013, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

For Plaintiff:
    Sergio Armijo, sergio@armijolawoffice.com

For Defendants:
    Christine Olson, christine.olson@seattle.gov
    Brian Maxey, brian.maxey@seattle.gov

DATED this 13th day of December, 2013.

                           *Donna M. Robinson*
                           DONNA M. ROBINSON

DEFENDANTS' ANSWER TO THE COMPLAINT AND AFFIRMATIVE DEFENSES AND JURY DEMAND
(13-CV-02187TSZ) - 8

Peter S. Holmes
Seattle City Attorney
600 Fourth Avenue, 4th Floor
P.O. Box 94769
Seattle, WA 98124-4769
(206) 684-8200